# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SALVATORE J. SOWELL, | : Case No. 2:25-cv-362 |
| Plaintiff, | : |
| vs. | : District Judge James L. Graham |
| | : Magistrate Judge Kimberly A. Jolson |
| FRANKLIN COUNTY, OHIO, et al., | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff has filed a motion for leave to proceed *in forma pauperis* in connection with a civil rights Complaint in this Court.  (Doc. 1).  Plaintiff did not provide a certified copy of his prison trust fund account.  On April 14, 2025, the Court issued a Deficiency Order requiring Plaintiff to pay the full filing fee or submit a certified copy of his prion trust fund account statement within thirty (30) days.  (Doc. 5).  Plaintiff was advised that failure to comply with the Order would result in the dismissal of his case for want of prosecution.  (*Id*.).

On April 28, 2025, the Deficiency Order was returned to the Court marked "Released" and "Return to Sender Insufficient Address Unable to Forward."  (Doc. 7).  On May 6, 2025, an Order was issued reminding Plaintiff of his affirmative duty to provide the Court with an updated and accurate address.  (Doc. 8).  However, to date, more than thirty-days after the April 14 Deficiency Order, Plaintiff has failed to respond to the Order or provide the Court with a current address.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs to achieve the orderly and expeditious disposition of

cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to inform the Court of a change in address or to respond to an Order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). *See also Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985)) (providing that a litigant has an affirmative duty to keep the Court apprised of any changes to their address).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: June 3, 2025    /s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE